■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELISHA CROOM, Appellant.— Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE ANTONIO RULLAN, Appellant.— Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.— [In each action] Motion by appellant to dispense with printing granted. The appeal will be heard on the original papers (including the typed minutes) and on appellant's typewritten brief, which shall include a copy of the opinion, if any, of the court below. The appellant is directed to file six copies of his typewritten brief and to serve one copy on the District Attorney. Appellant's time to perfect the appeal is enlarged to the May Term, beginning April 24, 1961; appeal ordered on the calendar for said term. Motion for assignment of counsel granted. Anthony F. Marra, Esquire, 100 Centre Street, New York 13, New York, is assigned as counsel to prosecute the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAZARO DACHILLE, Appellant.— Motion by appellant to dispense with printing, denied with leave to renew upon his own affidavit showing that he is now actually indigent. Appellant's time to perfect the appeal extended to the May Term, commencing April 24, 1961. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MOSER, Appellant.— Motion by defendant (appellant) to reverse a judgment of the County Court, Queens County, rendered June 10, 1959, after a jury trial, convicting him of the crimes of attempted robbery in the first degree, attempted grand larceny in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to serve a term of 20 to 30 years; and for a new trial. Defendant makes the motion on the ground that he has been deprived of his statutory right of appeal because of the unreasonable delay in the filing of the transcript of the trial minutes after he had filed his notice of appeal. Motion granted; judgment reversed on the law, and new trial granted. The findings of fact made in the trial court have not been considered. On December 5, 1960, defendant made a prior motion for the same relief, based on the fact that a copy of the stenographic minutes of the trial had not yet been filed by the stenographer in the office of the Clerk of the court, as required by section 456 of the Code of Criminal Procedure. Said prior motion was denied by this court on December 15, 1960, " without prejudice to renewal in the event that the typewritten transcript be not made available to appellant by January 5, 1961; " the appeal being ordered on the calendar for the February 1961 Term of this court. Said minutes not having been filed, the defendant, on February 6, 1961, made the instant motion. It is conceded that a transcript of the minutes of the trial is still unavailable. Under the circumstances, there is no alternative other than to reverse the judgment and to order a new trial (cf. *People* v. *De Mayo*, 2 A D 2d 985). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.